UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| LATOYA DEVORE, ET AL. | CIVIL ACTION |
| VERSUS | NO. 24-481 |
| NEXION HEALTH AT MARRERO, INC. | JUDGE GUIDRY<br>MAGISTRATE JUDGE DOSSIER |

## ORDER AND REASONS

Plaintiffs are former residents of Nexion Health at Marrero ("Nexion"), a skilled nursing facility.[1] Plaintiffs sued Nexion on behalf of themselves and a proposed class of similarly situated individuals.[2] They allege that Nexion is liable for chronic understaffing and related misrepresentations.[3] At this stage, discovery is limited to the issue of class certification. Plaintiffs seek to compel (R. Doc. 26) supplemental responses to certain interrogatories and requests for production. The Court heard oral argument on Plaintiff's Motion on September 3, 2024.[4] For the reasons set forth on the record and provided below, the motion is granted in part and denied in part.

**I.   Scope of Discovery**

The parties dispute the permissible scope of discovery at this stage. Rule 26(b)(1) sets forth the general scope of discovery.

---

[1] R. Doc. 7 at 2–3.
[2] *Id.* at 2.
[3] *Id.* at 5–19.
[4] R. Doc. 39.

1

> Unless otherwise limited by court order, the scope of discovery is as follows: Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. Information within this scope of discovery need not be admissible in evidence to be discoverable.

Fed. R. Civ. P. 26. Even when Rule 26(b)(1) otherwise permits discovery, however, courts may protect a party from discovery if:

> **(i)** the discovery sought is unreasonably cumulative or duplicative, or can be obtained from some other source that is more convenient, less burdensome, or less expensive;
> **(ii)** the party seeking discovery has had ample opportunity to obtain the information by discovery in the action; or
> **(iii)** the proposed discovery is outside the scope permitted by Rule 26(b)(1).

Fed. R. Civ. P. 26(b)(2)(C).

Most of the time, parties engaging in class-certification discovery benefit from preparation of a discovery plan that addresses the "discovery contemplated, as well as the subject matter to be covered and the reason it is material to determining the certification inquiry under Rule 23." 21.14. Precertification Discovery, Ann. Manual Complex Lit. § 21.14 (4th ed.). But the parties have not yet participated in that process in this case. Thus, the Court will provide some initial guideposts on the scope of discovery. These guideposts may be adjusted as facts develop and as the parties work together to develop a proposal.

Plaintiffs seek broad discovery over a ten-year period relative to all residents at the nursing facility, including as to the staffing determinations for every resident.[5] That goes too far. The two named plaintiffs, however, are appropriate initial sample subjects for discovery relevant to certification. Allowing certification-related discovery as to Defendants' information about plaintiffs' claims in their individual capacities initially[6] will avoid any undue and disproportionate burden on Defendant. Thus, for example, Plaintiffs may explore how Defendant determined the number of staff to provide for Plaintiffs' care, including whether there was a common methodology. The answers to these questions are relevant both to certification and the potential scope of any additional certification-related discovery that may be necessary.

Focusing certification-related discovery on the named plaintiffs is appropriate at this stage for several reasons. First, absent any competing proposal from the parties relative to a discovery plan, this approach balances relevance under Rule 26(b)(1) with the Rule 26(b)(2)(C) considerations. Second, it limits Defendant's burden to identifying information relevant to the named plaintiffs. And third, it reduces the risk of solicitation.[7] Thus, at this stage, the discovery discussed at oral argument and below must be limited to the named plaintiffs' claims against the

---

[5] R. Doc. 26-2 at 2–16,
[6] It is possible that the discovery will establish facts suggesting information as to other individuals is discoverable under Rule 26. But the record and arguments of the parties do not yet support that conclusion.
[7] This concern is not directed specifically to counsel in this case; risk of solicitation is present in any case of this nature.

3

facility in their individual capacities and the period for which plaintiffs were residents (rather than the ten-year period set forth in the discovery requests). And, to be clear, discovery will be focused only on certification-related issues, although there may be some overlap with the merits.

## II. Individual Discovery Requests

The following analysis governs the particular discovery requests at issue, along with the reasons provided on the record at oral argument, and *subject to the general limitation explained above.*

Interrogatory No. 1 asks about the basis for Defendant's denial of certain requests for admission.[8] Defendant's response is a boilerplate objection.[9] Such objections are not effective.[10] *See, e.g., McLeod, Alexander, Powel & Apffel, P.C. v. Quarles*, 894 F.2d 1482, 1485 (5th Cir. 1990). Further, issues such as whether each resident was subject to the same staffing method and whether that method is susceptible to common proof is relevant to certification. *See Wal-Mart Stores, Inc. v. Dukes*, 564 U.S. 338, 350 (2011) (quoting Richard A. Nagareda, *Class Certification in the Age of Aggregate Proof*, 84 N.Y.U.L.Rev. 97, 131–132 (2009)).

Defendant nonetheless argues that this information is not discoverable because it is relevant to Plaintiffs' claims on the merits.[11] In certification-related

---

[8] R. Doc. 26-2 at 13–14.
[9] "Please see objections and responses to Defendant's Responses to Request for Admission, Interrogatories[,] and Request for Production of Documents." Doc. 26-3 at 12.
[10] Defendant's discovery responses were rife with boilerplate objections. With respect to this discovery request and others, the undersigned may have reached a different result had objections been raised with specificity in the discovery responses.
[11] R. Doc. 35 at 7.

4

discovery directed to whether the alleged staffing deficiencies could be proven by common evidence on a class-wide basis, perhaps some information relevant to the merits of the named plaintiffs' claims will be uncovered. But the fact that there is overlap between certification discovery and the merits "cannot be helped" in this instance. *See Dukes*, 564 U.S. at 351; *see also Castano v. Am. Tobacco Co.*, 84 F.3d 734, 744 (5th Cir. 1996) ("Going beyond the pleadings is necessary, as a court must understand the claims, defenses, relevant facts, and applicable substantive law in order to make a meaningful determination of the certification issues" (citing Manual for Complex Litigation, Third, § 30.11 (1995))). Defendant must supplement its response to this request.

Interrogatory Nos. 2 and 3 ask about the identities of each facility resident.[12] Defendant objects that this information is not relevant to certification, could lead to solicitation, and is subject to protection under HIPAA.[13] Oral argument confirmed that there is no particular and legitimate need for class members' identities at this stage that outweighs the concerns relative to solicitation. *See* § 19:6. Communications with absent class members as ethics violations, 6 Newberg and Rubenstein on Class Actions § 19:6 (6th ed.) ("Putative class counsel's precertification communications with absent class members that seek to involve these nonclients in the case therefore raise solicitation concerns."). Defendants need not answer these requests.

---

[12] R. Doc. 26-2 at 14–15.
[13] R. Doc. 35 at 8–10.

Interrogatory No. 4 seeks a daily resident count over a ten-year period.[14] Plaintiffs are correct that the number of residents at the facility is relevant to establishing numerosity. But Defendants have produced information as to the monthly average census counts.[15] And the record confirms that there is no reason to believe the monthly averages are distorted or unreliable. Defendants need not supplement their response to this request.

Interrogatory No. 5 seeks information on the number of nursing personnel on duty.[16] Defendant objects that the request does not pertain to class certification.[17] Whether the total nursing personnel varied so broadly as to insert individualized issues into any potential class proceeding is relevant at this stage, and the information must be provided.

Interrogatory Nos. 6 seeks information about how the facility ensured sufficient personnel were on duty.[18] This question goes to the methodology used by the facility. The motion is granted with respect to this request.

Interrogatory No. 7 requests that Defendant designate all documents used to ensure sufficient staffing.[19] This request is overly broad. And it is better presented as a request for production to avoid the potential burden associated with creating an

---

[14] R. Doc. 26-2 at 15.
[15] R. Doc. 35 at 10.
[16] R. Doc. 26-2 at 15.
[17] R. Doc. 35 at 10–11.
[18] R. Doc. 26-2 at 15.
[19] *Id.* at 16.

itemized list of an unknown number of documents. The motion is denied with respect to this request.

Request for Production No. 1 seeks various documents prepared pursuant to federal regulations.[20] Plaintiffs have not established that the broad categories of documents sought are relevant to certification. Moreover, it appears that at least some documents are publicly available such that the information is available elsewhere. The motion is denied with respect to this request.

Requestion for Production No. 3 seeks production of "time schedules" that would reveal the number and classification of personnel who worked at the facility.[21] The motion is granted subject to the scope limitation set forth above and denied in all other respects.

Request for Production No. 4 seeks more detailed documents, including individual timesheets for nursing personnel.[22] This request is overly broad and not relevant to certification. The motion is denied with respect to this request.

Requests for Production Nos. 5 and 6 have responses that specify supplementation is forthcoming.[23] Counsel confirmed at oral argument that supplementation will occur. The motion is therefore moot with respect to this request.

For the foregoing reasons and those set forth on the record,

---

[20] *Id.* at 7–9.
[21] *Id.* at 10.
[22] *Id.*
[23] *Id.*

**IT IS ORDERED** that the Motion (R. Doc. 26) is **GRANTED IN PART AND DENIED IN PART.**

**IT IS FURTHER ORDERED** that the parties prepare a joint proposed discovery plan. In preparing the plan, counsel must participate in at least one telephonic, virtual, or live conference, rather than relying solely on the exchange of emails. The deadline for submission of the joint discovery plan will be discussed at the telephone conference on October 2, 2024.

New Orleans, Louisiana, this 1st day of October, 2024.

_____
EVA J. DOSSIER
UNITED STATES MAGISTRATE JUDGE